## Case No. 17,601.

### WHITTEMORE et al. v. CUTTER.

[1 Gall. 478; 1 Robb. Pat. Cas. 40; Merw. Pat. Inv. 411.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1813.

INFRINGEMENT OF PATENT RIGHT — IDENTITY OF MACHINES—MEASURE OF DAMAGES.

1. If a person be the inventor of an improvement only, and not of the whole machine. he is entitled to a patent for no more than his improvement.

See note to Woodcock v. Parker [Case No. 17,971].

[Cited in Re Hebbard. Case No. 6,314; Smith v. Downing, Id. 13,036.]

[Cited in Holliday v. Rheem, 18 Pa. St. 469.]

---

[1] [Reported by John Gallison. Esq. Merw. Pat. Inv. 411, contains only a partial report.]

2. What constitutes the identity or diversity of two machines. so as to give or take away the right to a patent.

See Gray v. James [Id. 5,718]; Phil. Pat. 128–133, where the cases are cited and commented on.

[Cited in Smith v. Downing, Case No. 13,-036; Singer v. Walmsley, Id. 12,900.]

[Cited in Tillotson v. Ramsay, 51 Vt. 314.]

3. If a machine produce several different effects, by a particular combination of machinery, and these effects are produced in the same way in another machine, and a new effect added, the inventor of the latter cannot entitle himself to a patent for the whole machine.

See note to Woodcock v. Parker [supra].

[Cited in Whitney v. Emmett. Case No. 17,-585; In re Hebbard, Id. 6,314.]

[Cited in Dunbar v. Marden, 13 N. H. 317.]

4. If an inventor make a gift of his invention to the public. and suffer it to go into general use, he cannot afterwards resume the invention, and hold a patent.

See Morris v. Huntington [Case No. 9,831]; Mellus v. Silsbee [Id. 9,404]; Bedford v. Hunt [Id. 1.217]; Gray v. James [supra]; Pennock v. Dealogao, 2 Pet. [27 U. S.] 1; Wyeth v. Stone [Case No. 18.107]; Reed v. Cutter [Id. 11.645]; Saunders v. Smith, 3 Mylne & C. 711, 735.

[Cited in Bartlette v. Crittenden, Case No. 1,-082; Shaw v. Cooper, 7 Pet. (32 U. S.) 317.]

[Cited in Earl v. Page, 6 N. H. 479.]

5. In an action for a violation of a patent right. the plaintiff can recover for actual damages only, and not for a vindictive recompense.

6. If a user of the patented machine be proved, the measure of damages is the value of the use, during the time of the user. If a making only of the machine be proved, the plaintiff is entitled to nominal damages only. Neither the price, nor the expense of making the machine, is a proper measure of damages.

[Cited in Earle v. Sawyer, Case No. 4,247; Allen v. Blunt, Id. 215; Steam Stone-Cutter Co. v. Sheldons, 21 Fed. 876.]

[Cited in Ogden v. Marshall, 8 N. Y. 344; Pegram v. Stortz (W. Va.) 6 S. E. 501.]

7. In an action on a patent right, the jury are to find single damages, and the court will treble them.

This was an action [by Amos Whittemore and others against William F. Cutter] for the infringement of the plaintiff's patent right, as set forth in the declaration. The cause was tried before Judge STORY, at this term, in the absence of the district judge; the verdict, found by the jury at a former term, having been set aside, and a new trial granted. [Case No. 17,600.]

Dexter & Prescott, for plaintiff.

Mr. Pitman, for defendant.

STORY, Circuit Justice (charging jury). If the plaintiff, Amos Whittemore, be not the inventor of the whole machine, but only of an improvement thereof. his patent is too broad, and is utterly void; for it is clearly a patent for the whole machine. Whether he be the inventor of the whole machine is, under all the circumstances of the case, a question of fact. It is difficult to define the exact cases, when the whole machine may be deemed a new invention. and when only an improvement of an old machine; the cases often

approach very near to each other. In the present improved state of machinery, it is almost impracticable not to employ the same elements of motion, and in some particulars, the same manner of operation, to produce any new effect. Wheels, with their known modes of operation, and known combinations, must be of very extensive employment in a great variety of new machines; and if they could not, in the new invention, be included in the patent, no patent could exist for a whole machine embracing such mechanical powers. Where a specific machine already exists, producing certain effects, if a mere addition is made to such machine, to produce the same effects in a better manner, a patent cannot be taken for the whole machine, but for the improvement only. The case of a watch is a familiar instance. The inventor of the patent lever, without doubt, added a very useful improvement to it; but his right to a patent could not be more extensive than his invention. The patent could not cover the whole machine as improved, but barely the actual improvement. The same illustration might be drawn from the steam engine, so much improved by Messrs. Watt & Boulton. In like manner, if to an old machine, some new combinations be added, to produce new effects, the right to a patent is limited to the new combinations. A patent can, in no case, be for an effect only, but for an effect produced in a given manner, or by a peculiar operation. For instance, no patent can be obtained for the admeasurement of time, or the expansive operations of steam; but only for a new mode or new application of machinery, to produce these effects; and therefore, if new effects are produced by an old machine in its unaltered state, I apprehend that no patent can be legally supported; for it is a patent for an effect only. On the other hand, if well known effects are produced by machinery in all its combinations entirely new, a patent may be claimed for the whole machine. So if the principles of the machine are new, either to produce a new or an old effect, the inventor may well entitle himself to the exclusive right of the whole machine. By the principles of a machine, (as these words are used in the statute) is not meant the original elementary principles of motion, which philosophy and science have discovered, but the modus operandi, the peculiar device or manner of producing any given effect. The expansive powers of steam, and the mechanical powers of wheels, have been understood for many ages; yet a machine may well employ either the one or the other, and yet be so entirely new, in its mode of applying these elements, as to entitle the party to a patent for his whole combination. The intrinsic difficulty is to ascertain, in complicated cases like the present, the exact boundaries between what was known and used before, and what is new, in the mode of operation. The present machine is to make cotton and woollen cards. These were not only made before the present

patent, by machinery, but also by machinery which, at different times, exhibited very different stages of improvement. The gradual progress of the invention, from the first rude attempts to the present extraordinary perfection, from the slight combination of simple principles to the present wonderful combinations, in ingenuity and intricacy scarcely surpassed in the world, has been minutely traced by the witnesses on the stand.

The jury then are to decide, whether the principles of Mr. Whittemore's machine are altogether new, or whether his machine be an improvement only on those, which have been in use before his invention. I have before observed, that the principles are the mode of operation. If the same effects are produced by two machines by the same mode of operation, the principles of each are the same. If the same effects are produced, but by combinations of machinery operating substantially in a different manner, the principles are different. The great stages, (if I may so say) in making the cards by Whittemore's machine, which admit of a separate and distinct operation in the machinery, are: (1) The forming and bending the wire; (2) the pricking the leather; (3) the sticking the wire into the leather; and (4) the crooking the wire after its insertion. Were either of these effects produced in the machines formerly in use by a combination of machinery, or mode of operation, substantially the same as in this machine? If so, then clearly his patent could only be for an improvement, and of course it is void; if not, then his patent is free from any objection on the ground of being broader than this invention. It will not be sufficient, to protect the plaintiff's patent, that this specific machine, with all its various combinations and effects, did not exist before; for if the different effects were all produced by the same application of machinery, in separate parts, and he merely combined them together, or added a new effect, such combination would not sustain the present patent, any more than the artist, who added the second hand or repeater to a watch, could have been entitled to a patent of the whole watch. Bovill v. Moore, 2 Marsh. C. P. 211; Hill v. Thompson, 8 Taunt. 375; Brunton v. Hawkes, 4 Barn. & Ald. 540; Minter v. Mower, 1 Nev. & P. 595. Nor will it protect the plaintiff's patent, that Mr. Amos Whittemore was the inventor of all the material improvements in the old machine, (as is asserted) if he suffered them to be used freely and fully by the public at large for so many years, combined with all the usual machinery; for in such a case I think he must be deemed to have made a gift of them to the public, as much as a person, who voluntarily opens his land as a highway, and suffers it to remain for a length of time devoted to public use. How far there is any such acquiescence or assent to such public use is of course open to the consideration of the jury. Such are the material principles, which as to this point I think it proper to state.

As to the rule, by which the plaintiff's damages are to be estimated, it is clear by the statute, that only the actual damages sustained can be given. By the terms "actual damages," in the statute, are meant such damages, as the plaintiffs can actually prove and have in fact sustained, as contradistinguished to mere imaginary or exemplary damages, which in personal torts are sometimes given. The statute is highly penal, and the legislature meant to limit the single damages to the real injury done, as in other cases of violation of personal property, or of incorporeal rights. In mere personal torts, as assaults and batteries, defamation of character, &c. the law has, in proper cases, allowed the party to recover not merely for any actual injury, but for the mental anxiety, the public degradation and wounded sensibility, which honorable men feel at violations of the sacredness of their persons or characters. But the reason of the law does not apply to the mere infringement of an incorporeal right, such as a patent, and the legislature meant to confine the damages to such a sum, as would compensate the party for his actual loss. If the jury are of opinion, that an user of the machine is actually proved in this case, the rule of damages should be the value of the use of such a machine, during the time of the illegal user. If the jury are of opinion, that a making of the machine only is proved, as there is no evidence in the case, to show any actual damages by the making, they ought to give nominal damages to the plaintiffs. For where the law has given a right, and a remedy for the violation of it, such violation of itself imports damage; and in the absence of all other evidence, the law presumes a nominal damage to the party.

The counsel for the plaintiffs have argued, that although there is no evidence of actual damage, the jury ought to give damages either to the full value of the expense of making the machine, or of the price, at which such a machine might be sold. But neither of these estimates can form a rule for damages for the illegal making of the machine. As to the expense of making the machine, it is obvious that it is an expense altogether incurred by the defendant, and is not a loss sustained by the plaintiffs. The latter neither found the materials nor the labor. How then can it be an actual damage sustained by them? As to the price, for which such a machine would sell, it is open to the same and to this farther objection: that the price is compounded of the value of the materials and the workmanship, and also of the right of user of the machine. Now, admitting the plaintiffs recover in this action, there can be no pretence, that thereby a legal right will pass to the defendant to use the machine made by him. Every future use will be an infringement of the plaintiff's patent; and therefore if the plaintiffs could in this suit recover such price, they not only would recover for materials and labor, which they never furnished, and for a right of user which never passed from them, but also for that, which might lawfully be the subject of another action, viz. the future user of the defendant's machine; so that there might be a double recovery for the same supposed injury.

At the former trial, the court were pressed with the difficulty of finding any rule to estimate the plaintiff's damages, when none were actually proved, by the making of the machine; and I still adhere to the decision then made, that in such case the plaintiffs con recover nominal damages only. The jury, if satisfied of the plaintiff's right to recover, will estimate the plaintiff's single damages, according to the principles which I have stated, as they shall find the facts of a making or of a user of the machine. The court will treble the damages found by the jury in awarding the proper judgment.

The jury found a verdict for the plaintiffs, that the defendant was guilty of making the machine only, and assessed single damages at $350.