THOMPSON BEACH *v.* THOMAS H. PACKARD.

The common acknowledgment, in a deed, that the grantor has recived the consideration, does not prevent him from showing, by parol, in an action to recover said consideration, that the consideration has not been paid.

When a bill of exceptions states that certain *facts appeared*, it is to be taken that they were *undisputed*, or *conceded by both parties.*

The grantee, by deed of warranty, of land previously attached, is not a competent witness against the attaching creditor, in the suit, in which such attachment is made. .          /

ASSUMPSIT, to recover the price of a piece of land, deeded by the plaintiff to the defendant, on the 30th day of March, 1832.

Plea—General issue, and joinder to the country.

On the trial of the cause in the County Court, the plaintiff offered, in evidence, a copy of his deed to the defendant, dated March 30th, 1832, which was not objected to. The deed was a deed of warranty, in common form, and the grantor, in and by said deed, acknowledged that he had received the consideration money.

The plaintiff also offered parol evidence, tending to prove, that after the date of said deed, the defendant had admitted that he gave, or was to give, seventy-five dollars for the land, and that the land had not been entirely paid for. To the admission of this evidence the defendant objected, but the Court overruled the objection and admitted it,

The defendant then offered one Nathaniel S. Packard, as a witness, to prove that the consideration for the deed had been paid to the plaintiff.

The plaintiff objected to said witness, upon the ground of his interest in the event of the suit. It appeared that the plaintiffs writ was served by attaching the land, described in said deed, as the property of the defendant, and that the said Nathaniel, subsequent to said attachment, had purchased the same land of the defendant, and that the defendant had conveyed it to him, by a deed of warranty. The Court decided that the witness was interested, and his evidence was rejected.

The defendant then offered evidence tending to prove, that the deed in question did not convey all the land, for which the defendant had agreed to pay seventy-five dollars, and that by . the terms of the original contract, the plaintiff

was to covenant, in his deed, to keep all the division fences in repair. The plaintiff also objected to this evidence, and the Court rejected it, as it had previously appeared, that when the deed was offered by the plaintiff to the defendant, the defendant objected to it, because it did not conform to the contract, that the parties then disagreed as to what the contract was, and that the plaintiff put it to the defendant, to elect, either to accept the deed, or not, and that the defendant thereupon accepted it.

The defendant requested the court to charge the jury, that it was necessary for the plaintiff to produce express proof that the land was not paid for, as it was the universal practice to receive payment for lands sold or take security therefor, on the execution of the deed of conveyance, and that the admission of the plaintiff, by his deed, that the consideration for the deed had been received, was strong evidence that the land had been paid for. But the court charged the jury, that the acknowledgment in the deed of the receipt of the consideration money was *prima facie* evidence of the payment of it, and threw the burthen of proof upon the plaintiff, to show that it had not been paid, but that the acknowledgment, in the deed, was not conclusive.

The jury returned a verdict for the plaintiff, and to the several decisions, and charge, of the County Court, the defendant excepted.

*Maeck & Smalley*, for defendants.

1. The plaintiff admits in his deed, that the consideration had been paid. He is, therefore, estopped from proving the contrary. Every party to an instrument, under seal, is estopped, in a court of common law, from denying any fact therein expressly alleged, or particularly recited. 1 Phil. Ev. 424. *Countess of Rutland's case*, 5 Coke Rep. Abr. 143. *Shelly* v. *Wright*, Willes' Rep. 9. *Haynes* v. *Hare*, 1 H. Blk. 659.

The rule applies with peculiar force and propriety to deeds of bargain and sale. The law requires them to be in writing, to be executed with certain formalities, and, among other requisites, to be made on good consideration, and parol evidence is not admitted to enlarge, abridge, vary, contradict or control them.

2. As to the subject matter of the conveyance, see *Paine*

CHITTENDEN,
January,
1838.

Beach
v.
Packard.

v. _McIntyre_, 1 Mass. Rep. 69. _Russell & Lawson_ v. _Laude_, 1 Dick. 346. _Fell_ v. _Chamberlain_, 2 Dick. 484. _Hare_ v. _Shearwood_, 1 Vesey, jr. 24. _Mease_ v. _Mease_, Cowp. 47. _Preston_ v. _Merceau_, 2 Black R. 1249. _Snyder's lessee_ v. _Snyder_, 6 Bin. 483. _Meers_ v. _Ansell_, 3 Wils. 275. _Howes_ v. _Barker_, 3 Johns. 506. _Northrop_ v. _Speary_, 1 Day's Cas. 23. Parol evidence is inadmissible to show a mistake in the grantee. 12 Johns. 488. Do. 77.

Without some consideration, nothing passes. _Mildmay's_ case, Coke's R. Abr. 12. Sheppard's Touch. 222, 3. notes.

If the particular consideration is not stated, or if the deed recites a good consideration without naming it, it may be shown by averment, as that is consistent with the deed. Coke's R. and Sheppard's Touch. above cited. But if the deed recites a particular consideration, either in quality or amount, parol evidence is then inadmissible to vary, contradict, or enlarge the consideration mentioned in the deed. _Winchell_ v. _Latham_, 6 Cowen, 690. _Howes_ v. _Barker_, 3 Johns. 506. _Maugley_ v. _Hauer_, 7 Johns. 341. _Emery_ v. _Greenleaf_, 5 Greenleaf, 232. _Schermerhorn_ v. _Vanderheyden_, 1 Johns. 139, 40. 1 Phil. Ev. 427. 12 Wend. 61. 1 Cowen, 250. 4 Cowen, 431, 6. Har. & Johns. 276.

So where the deed admits the consideration to have been paid, the grantor cannot recover, at law, though in truth it was not paid. Shep. Touch. pp. 222 and 3 says: "If the "deed make mention of money, and in truth no money is "paid, yet the bargain and sale is good, and _no averment_ "_will lie against this, which is expressly affirmed in the_ "_deed._" Ib. 510. Dyer, 169, 90, to the same point. Willes, 9. 6 D. & E. 62. 1 Salk, 277. Coke on Litt. 352. (a) 1 Chit. Pl. 572. 1 Saund. Rep. 325, note 4; and we refer more especially to the following more recent cases, in England, as directly in point. _Rowntree_ v. _Jacob_, 2 Taunt. 141. _Baker_ v. _Dewey_, 8 Com. Law, 193. _Lampon_ v. _Corke_, 7 C. L. R. 205. In the American States the decisions are not uniform, but a great weight of authority is in favor of the doctrine, as established in England. _Steele_ v. _Adams_, 1 Greenleaf, reviewing the case of _Shepherd_ v. _Little_, 14 Johns. _Speake_ v. _U. States_, 3 Peters' Cond. Rep. 244. _Connell_ v. _McLean_, 6 Har. & Johns. 299. _Dixon_ v. _Swiggett_, 1

CHITTENDEN,
January,
1838.

Beach
v.
Packard

Har. & Johns. 252. Stark. Ev. 1002, where it is said, "In "Maine, Maryland, and North Carolina, parol evidence can- "not be given to prove the non-payment of the purchase "money, for lands, where the deed states the consideration "has been paid. See also Ruffin's Rep. 64. *Treadwells* v. *Buckley*, 4 Day's Cas. 395. 1 Binney, 502. *Belden* v. *Seymour*, 8 Conn. 316. 3 Mason, 347. *Davenport* v. *Mason*, 15 Mass. 85, 91, 92. Ib. 307.

The party here has had no opportunity of pleading the estoppel; he may, therefore, rely upon it in evidence, and it will have the same conclusive effect as if pleaded. *Howard* v. *Mitchell*, 14 Mass. 241. Hobart, 297. *Treveson* v. *Lawrence et al.* 1 Salk. 276. 2 Lord Ray. 1051. 6 Mod. 256. 1 Chitty's Pl. 575. 1 Saunders' Rep. 325, note 4.

Nathaniel Packard was improperly rejected as a witness. His interest was equally balanced, as his remedy was complete on the covenant of the deed. It is not sufficient to say that the remedy on the covenant might be attended with some difficulty. *Buckland* v. *Tankard*, 5 T. R. 578, is the only case, which countenances the exclusion of a witness, on such grounds, and that case is overruled by *Birt* v. *Kershaw*, 2 East, 458. See also *Page* v. *Weeks*, 13 Mass. 201. Stark. Ev. 752. *Ridley*, v. *Taylor*, 13 East. 175. Phil. Ev: 55, 56. 6 Johns. Ch. R. 201.

But at all events the charge was wrong, in respect to the proof required by the plaintiff. The burthen of proof was on him, and he ought to have produced express proof. 1 Swift's Dig. 415.

*A. G. Whittemore*, for plaintiff.

I. It has long since been decided, that the acknowledgment, in a deed, of the receipt of the consideration is not conclusive. 4 Kent's Com. 465. *Bullard* v. *Briggs*, 7 Pick. R. 537. *Wilkinson* v. *Scott*, 17 Mass. R. 257. 3 T. R. 474. *Shepherd* v. *Little*, 14 Johns. 210.

II. Nathaniel Packard had become interested in the event of the suit after its commencement, by the joint act and assent of himself and the party, who attempted to use him. The purpose of his testimony was to relieve the land, which he owned, from the plaintiff's incumbrance; and a verdict for the defendant, in this case could be given in evidence, in his favor. *Widgery* v. *Haskell*, 5 Mass. 144. *Lapham* v. *Curtis*, 5 Vt. R. 381.

CHITTENDEN,     III. It appears that the defendant had his option to take
January,
1838.      the deed, or let it alone, but chose to take it—After this, he
————————   cannot find fault with it, either to defeat the action, or to
Beach       lessen the damages. He should have objected to the deed if
v.
Packard.    it was different from the contract, and if he had paid any
thing or suffered any damages, he might have sued and reco-
vered.

When the deed was offered, the defendant was fully
aware of its alleged deficiency, and by taking it, procuring it
to be recorded and conveying the same land, he must be
taken to have waived objections.

The opinion of the Court was delivered by

COLLAMER, J.—Parol evidence cannot be admitted to vary,
contradict, add to or control a deed or written contract.
The deed of bargain and sale, between these parties, had for
its object the conveyance of certain land; and the extent of
the land conveyed, the parties thereto, the estate conveyed
thereby, and the covenants attending it, could not be affected
by parol proof; and even that part, which relates to the con-
sideration, or the payment thereof, could not be contradicted
or varied, by parol, so as in any way to affect the purpose of
the deed, that is, its operation as a conveyance. All this is
well settled law, and fully sustained by the authorities cited
by the defendant's counsel. But the question still remains,
when this acknowledgment of payment, under seal, comes
collaterally in question, not for any purpose of affecting the
conveyance of the lands, or raising any trust or interest
therein, does any such rule of estoppel apply? The expres-
sions from Sheppard's Touchstone, and a large part of the
authorities, relied on by the defendant's counsel, are all in
relation to the inadmissibility of the parol proof, as to the
consideration, to affect the deed, and create thereby a resul-
ting trust, or convert the conveyance into a covenant to stand
seized, to the use of the grantor.

It has long been holden in England, and in this country,
and even in this State, that receipts may be varied or con-
tradicted by parol, as they are not contracts. If it may be
so done as to a written receipt, we do not see why the same
may not, as consistently, be done with one under seal. The
evidence does not vary, control or affect the contract as a
conveyance, and it was only so far as the consideration was

essential to give effect to the deed, as an absolute *convey-ance*, in fee, that what is said on that subject is any part of the deed. For all that purpose, it remains unaffected when the evidence is offered, only to prove that the consideration money has not actually passed to the grantor, merely to enable him to recover the same.

When a man conveys land, he generally receives his pay, in part at least, in *promises* or assurances. He executes and delivers the deed, and so far as to induce him to make the conveyance, he has "*received* the pay, to his full satisfaction;" and he must abide by his 'conveyance, whether he ever actually realizes the money on such assurances or not. But when he attempts to enforce such *promises*, whether they be by writing, such as notes of hand, or by parol, as in the present case, to hold that the acknowledgment of payment, in his deed, is conclusive against him, and settles, not only that he was satisfied to make the conveyance, but that he received his pay; and if, in promises or contracts, that they too must have been paid, is giving to this acknowledgment an artifical effect, far beyond its design. This parol evidence was, therefore, correctly admitted. This view of the case is fully sustained by the cases of *Bullard* v. *Briggs*, 7 Pick. R. 537. *Wilkinson* v. *Scott*, 17 Mass. R. 249. *Shepherd* v. *Little*, 14 Johns. R. 210, which we think not overbalanced by the case of *Steel* v. *Adams*, 1 Greenleaf's R. 1.

In relation to the rejection of Packard, as a witness, that point is fully sustained by the case of *Lapham* v. *Curtis*, 5 Vt. R. 381.

The receipt in the deed, like any other receipt, changes the burthen of proof, and requires the grantor, not only to prove the sale of the land, but to prove the same was still unpaid for; and so the Judge correctly charged the jury in this case. It is complained, that he did not give the jury more particular instructions as to the weight of the evidence, and how explicit or express it should be. That is mere matter of judicial discretion, the neglect or performance of which cannot be assigned for error.

The only question, which remains, relates to the rejection of the testimony offered by the defendant. It is not questioned that this testimony was rightly rejected, provided the

Chittenden,
January,
1838.

Beach
v.
Packard.

facts were settled on which the rejection was made; but it is insisted that the court was not competent to settle these facts. If those facts, or the evidence to support them, were disputed, the evidence of the defendant should have been admitted and the whole then put, under proper instructions, to the jury. If the court refused so to do, but rejected the defendant's testimony, the bill of exceptions should state, not that these preliminary facts *appeared*, but merely, that there was *testimony tending to prove them*. In this case, the record states, that such facts *appeared*. Now, we must take this as here stated, that is, that of these facts there was no dispute or that it was so conceded. If so, then the course taken by the court was unexceptionable.

Judgment affirmed.