Tillotson *v.* Ramsay.

## B. M. TILLOTSON *v.* CHARLES F. RAMSAY.

*Evidence. Expert Testimony. Question for Jury. Oral Evidence to Contradict a Receipt under Seal. Charge to Jury.*

In assumpsit to recover money paid for an interest in a patent-right for an improvement in saw frames, which was alleged to be an infringement on another patent-right for a like improvement, plaintiff called experts, to show the operation of the various parts of frames of the two kinds, and to show that there was an infringement, and offered to ask the witnesses if the principle was the same in both frames. *Held*, admissible.

The question as to the identity of two patented mechanical contrivances, a settlement of which settles the question of infringement, is a question of fact, and should be submitted to the jury with proper instructions.

Defendant admitted that he received the money when he executed the deed of assignment of the interest in question, but offered to show that he sold the interest to B., who was also interested in the patent, and received the money from him ; that B. sold it to plaintiff, and that the deed of assignment was made directly to plaintiff, to save the expense of a second conveyance. Plaintiff objected, for that the evidence contradicted the deed, which, after mention of the consideration, contained the usual words, "the receipt of which is hereby acknowledged." *Held*, admissible, because, as the acknowledgment in the deed was not an acknowledgment of receipt from any particular person, the evidence did not contradict the deed, and because the deed as far as it was a receipt, might be contradicted, though under seal.

The court charged that the burden was on plaintiff to prove that he purchased of defendant and not of B. *Held*, that the burden was on plaintiff to prove that he purchased of defendant, and that that was all the charge meant,—it not meaning that he must prove that he did not purchase of B., otherwise than as he would by proving that he purchased of defendant; and that though the deed was evidence, *prima facie*, of the relation of the parties, it had no effect to change the rule as to the burden of proof.

GENERAL ASSUMPSIT. Plea, general issue, and trial by jury, June Term, 1878, Caledonia County, Ross, J., presiding.

The plaintiff sought to recover, with interest, the sum of $300 that he claimed to have paid the defendant for half of a patent right for an improvement in saw frames, whereof letters patent were issued to the defendant and one Butler ; and grounded his claim on the alleged fact that the patent in question was an infringement on one previously granted to William H. Livingston, and of no value, and no consideration for the money paid.

The plaintiff introduced evidence tending to show that he ceased to use the patent because Livingston claimed it was infringing his. He admitted that he had never offered to reconvey to the defendant, but offered to show that he was ready to do so on repayment of the money, but the evidence was rejected as immaterial; to which the plaintiff excepted.

The plaintiff also called experts, to show the operation of and the results produced by the various parts of the two patent saw frames as detailed in the letters patent and specifications, certified copies of which were also introduced, and to show that the right secured, or claimed to have been secured, to the defendant and Butler was an infringement on the right secured to Livingston, and offered to ask the witnesses if the principle was the same in both frames, but the evidence was excluded; to which the plaintiff excepted. The defendant also introduced evidence tending to show the operation of and the results obtained by the various parts of the two saw frames, and that the right secured to the defendant and Butler was not an infringement.

The plaintiff introduced in evidence the deed of assignment from the defendant to the plaintiff, which, after reciting by way of preamble the granting of letters patent, &c., ran as follows: "Now this indenture witnesseth, that for and in consideration of the sum of five hundred dollars to me in hand paid, the receipt of which is hereby acknowledged, I have granted, sold, and set over unto said B. M. Tillotson, all the right, title, and interest which I have in the said invention," &c. The plaintiff further gave evidence tending to show that he purchased said interest of the defendant, and paid him $300 therefor. The defendant admitted that he received $300 for a half interest in the patent on the occasion of the making of said assignment, but claimed and offered evidence tending to show that he sold the interest in question to Butler, and received the money from him; that Butler sold the same to the plaintiff for $350, and that he conveyed directly to the plaintiff at Butler's request to save the expense of the second conveyance. To that evidence the plaintiff objected, for that it contradicted the defendant's assignment, but it was admitted; to which the plaintiff excepted.

The court charged that Livingston in his specifications and claims* attached to the letters patent, claimed to secure no right to himself by the use of the rod for straining the saw, running from the top of one post of the frame to the top of the other post, but that he thereby secured to himself the right to use the brace in the one position and part of the frame designated, and that a brace in some other part of the frame, securing substantially the same result, would not be an infringement; that the burden was on the plaintiff to prove by a fair balance of evidence that he made the purchase of the defendant, and not of Butler; that if he purchased of Butler, as it was conceded that he passed the money to Butler, who passed it to the defendant, the money in Butler's hands was Butler's, and was passed to the defendant as Butler's, and not as the plaintiff's, so that the defendant would never have received the plaintiff's money in the transaction, and would have none of it in his hands for the plaintiff to recover. The court properly explained the parts of the charge detailed.

To all of the charge, and especially to the submission to the jury of the question as to whether the plaintiff purchased from Butler or from the defendant, the plaintiff excepted.

*Dickey, Blodgett & Dickey,* for the plaintiff.

The evidence offered by the defendant to show that the plaintiff purchased of Butler was inadmissible, as it varied the effect of the deed of assignment. *Fitz* v. *Brown,* 20 N. H. 393; *Jarvis* v. *Palmer,* 11 Paige, 650; *Harper* v. *Gilbert,* 5 Cush. 417; *Miller* v. *Fichthorn,* 31 Penn. St. 252; *Pingry* v. *Watkins,* 17 Vt. 379; *Raymond* v. *Roberts,* 2 Aik. 204; *McArthur* v. *Soule,* 66 Barb. 423; *Blodgett* v. *Morrill,* 20 Vt. 509; *Groot* v. *Story,* 44 Vt. 200; and cases *passim.*

The instruction as to what would be an infringement was erroneous. *Gray* v. *James,* Pet. C. C. 394; *McCormick* v. *Seymore,* 2 Blatchf. 240; *Park* v. *Little,* 3 Wash. 196; *Smith* v. *Pearce,* 2 McLean, 176; *Smith* v. *Higgins,* 1 Fish. Pat. Cas. 537; *O'Reilly* v. *Morse,* 15 How. 62.

---

* No papers showing what those specifications and claims were, were furnished the Reporter.

The court erred in the charge as to the burden of proof. The written assignment was at least *prima facie* evidence, and should have stood as proof, if not rebutted. *Gray* v. *Gardner*, 17 Mass. 188; *Harris* v. *Jenney*, 1 Met. 221; *Attleborough* v. *Middleborough*, 10 Pick. 378; *Burton* v. *Blin*, 23 Vt. 151; *Hartford Life Insurance Co.* v. *Gray*, 80 Ill. 28.

*Walter P. Smith*, for the defendant.

There was no error in the ruling on the plaintiff's offer to show that he was ready to reconvey, &c.

There was no error in the ruling on the offer to ask the experts if the principle was the same in both patents. Instances might occur where such a question would be proper, but here it would have tended to mislead the jury. If in reaching the same result, the defendant used some only of the parts used by Livingston, and omitted one or more, the *combination* not being used, there was no infringement. *Prouty* v. *Ruggles*, 16 Pet. C. C. 336; *Prouty* v. *Draper*, 1 Story, 568; *Stimpson* v. *Baltimore & S. Railroad Co.* 10 How. 329; *McCormick* v. *Talcott*, 20 How. 402; *Evans* v. *Godfrey*, 1 Wal. 78; *Barrett* v. *Hall*, 1 Mason, 447; *Moody* v. *Fiske*, 2 Mason, 112; *Howe* v. *Abbott*, 2 Story, 190; *Aiken* v. *Bemis*, 3 W. & M. 348; *Gorham* v. *Mixter*, 1 Am. Law Jour. N. S. 543; *Brooks* v. *Bicknell*, 4 McLean, 70; *Root* v. *Ball*, 4 McLean, 370; *McCormick* v. *Many*, 6 McLean, 539.

There was no error in permitting the defendant to show that he sold to Butler and that Butler sold to the plaintiff. The rule that parol evidence cannot be received to vary a written instrument does not apply.

There was no error in the charge as to the burden of proof.

The opinion of the court was delivered by

DUNTON, J. The plaintiff called experts to show the operation and results produced by the various parts of the two patent saw frames, as detailed in the letters patent and specifications; and to show that the invention of Butler and Ramsay was an infringement of Livingston's patent, the plaintiff offered to ask said experts if the principle was the same in both inventions, which offer

was refused by the court; and to the exclusion of this evidence the plaintiff excepted.

No question is made but that the persons denominated experts possessed the requisite skill or knowledge to entitle them to such designation.

It has been repeatedly held by the Federal courts in patent cases that the opinions of experts as to whether two mechanical structures or devices are identical in principle are competent evidence upon this question ; and it is the almost every day practice to permit questions similar to the one excluded in the case at bar to be put to and answered by experts. See *Barrett* v. *Hall*, 1 Mason, 447, 470 ; *Parker* v. *Stiles*, 5 McLean, 44, 64 ; *Allen* v. *Blunt*, 3 Story, 742, 747.

We fail to see how such testimony differs in principle from the testimony of medical experts, who have been repeatedly allowed by our own courts to testify as to their opinion of the sanity of a person, either upon such an hypothetical case as it is claimed the evidence tends to prove, or upon certain evidence in the case when not conflicting, or upon an examination of such person. As is remarked by MASON, J., in *Dewitt* v. *Bailey and Schoonmaker*, 9 N. Y. 375 : " This evidence is admitted upon the supposition that the questions involve matters which are beyond the scope of the observation, knowledge, and experience of men in general, and that consequently the jury could not be presumed competent to arrive at a proper determination by the unaided exercise of their judgment on the facts." We therefore think it was error to exclude this evidence.

The court instructed the jury that Livingston, by his specifications and claims, secured to himself the right to use the brace in the one position and part of the frame designated, and that a brace in some other part of the frame producing substantially the same result would not be an infringement of his patent. This we think was error. It was a question for the jury to determine, under proper instruction from the court, whether the brace in question in another part of the frame would be an infringement of Livingston's patent. Mechanical devices may differ in structure and

40

form, and still be identical in principle.  *Blanchard* v. *Buss*, 2 Blatchf. 411.

Says Curtis, in his valuable work on patents, s. 469, "The question of infringement is a question whether the invention of the defendant is substantially the same thing as that of the plaintiff. The identity of two things is a matter of fact depending upon evidence; and although it is to be determined under the guidance of those principles which determine what constitutes identity and diversity in the sense of the patent law, yet it is for the jury to determine as matter of fact, under proper instructions, whether the two things are the same or different." Also see *Whitmore* v. *Cutler*, 1 Gall. 478; *Lovell* v. *Lewis*, 1 Mason, 191.

The defendant admitted that he received three hundred dollars for a half interest in the letters patent on the occasion of his making the deed thereof to the plaintiff, but claimed, and, against the plaintiff's objection, was allowed to offer evidence tending to show, that he made the sale of the same to Butler and received the money from him, and that Butler sold the same to the plaintiff for three hundred and fifty dollars, and that he the defendant conveyed directly to the plaintiff at Butler's request, to save the expense of two conveyances. The plaintiff excepted to the admission of the evidence for the reason that it contradicted the defendant's deed to him the plaintiff. The deed sets forth, "that for and in consideration of $500 to me in hand paid, the receipt of which is hereby acknowledged, I have granted, sold," &c., the right secured by said letters patent to the plaintiff. It will be observed that the deed does not state from whom the consideration was received; but if it did, and stated that it was received from the plaintiff, it would be only *prima facie* evidence of such fact, subject to explanation by showing by parol what the real consideration was, and by whom it was paid. *White* v. *Miller*, 22 Vt. 380; *Beach* v. *Packard*, 10 Vt. 96. The deed in question had for its object the conveyance of the grantor's right in said invention as secured to him by said letters patent; and this object cannot be defeated or affected by parol. But as is said by COLLAMER, J., in *Beach* v. *Packard*, *supra*: "It has long been

Tillotson *v.* Ramsay.

holden in England and in this country, and even in this State, that receipts may be varied or contradicted by parol, as they are not contracts. If it may be so done as to a written receipt, we do not see why the same may not as consistently be done with one under seal "; and it was held in that case that the common acknowledgment in a deed that the grantor had received the consideration, does not prevent him from showing by parol, in an action to recover such consideration, that the same has not been paid.

But in the case at bar, as it is not stated from whom the consideration was received, it is at least questionable whether the parol evidence admitted contradicts the deed. We do not think its admission was error.

The burden of proof was upon the plaintiff to make out a case, and to do this, it was necessary for him to show by a fair balance of testimony that he made the purchase in question of the defendant; and the jury were so instructed. If the purchase was made of the defendant it was not made of Butler. There being no evidence of a joint sale by the defendant and Butler, proof of a sale by one excluded the idea or fact of a sale by the other. This we think was what the court meant by saying to the jury that the burden was upon the plaintiff to show that he made the purchase of the defendant and not of Butler. We do not think the last clause added anything to the charge, and it would have been better to have omitted it; but in our opinion it does not constitute error. We do not think the jury understood from it that the burden of proof was upon the plaintiff to show that the purchase was not made of Butler otherwise than as above stated. Had direct evidence been required to prove such a negation, it would have been error.

Assuming it to be true, as claimed by the plaintiff's counsel, that the assignment or deed is *prima facie* evidence of the relation of vendor and vendee between the parties to this suit in respect to the purchase or sale in question, it does not change the rule as to the burden of proof. The deed or assignment is simply evidence, and when offered and received as such, this branch of the case was *prima facie* made out, and the plaintiff thereby relieved of the burden that was resting upon him at the outset.

We are not to presume that the court omitted to explain to the jury the proper effect to be given to the assignment or deed as evidence, and find error in such omission ; besides, it is stated in the exceptions that " the court properly explained the parts of the charge detailed."

The question as to the plaintiff's right of recovery in case it is found that he purchased the invention in question of the defendant, and that the same is an infringement of Livingston's patent, was neither made by counsel nor considered by the court. This question is therefore not decided, and we express no opinion upon the same.

*Judgment reversed and case remanded.*