CHARLES HONICK v. THE METROPOLITAN STREET-
RAILWAY COMPANY.

No. 12,868.    (71 Pac. 265.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Instructions.* The trial court should fairly, fully and specifically state to the jury all issues of fact made by the pleadings and evidence. However, an issue made by the pleadings but not supported by the evidence should not be submittted to the jury by instructions.

2. ——— *Personal Injuries—Instructions.* In an action to recover damages for personal injuries the trial court should not particularize acts and inform the jury that a non-performance thereof by the plaintiff would defeat a recovery. It is better and more in harmony with our system of practice to instruct the jury generally in the law of negligence applicable to the facts. *Held,* however, that no error was committed in this case by the instruction given.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed January 10, 1903. Affirmed.

*Sutton, Maher & Sutton,* for plaintiff in error.

*Miller, Buchan & Morris,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : Charles Honick was defeated in the court below in an action to recover damages from defendant in error for alleged injuries sustained by being struck by one of the latter's street-cars at the crossing of Seventh street and Virginia avenue in the city of Kansas City, Kan. The negligent acts charged in the petition were the running of the cars over the crossing at a reckless and dangerous rate of speed; the running of one car after another in less than the usual schedule; the failure to stop the car which struck plaintiff's buggy or to check its speed when it

was, or should have been, apparent to the motorman that plaintiff was not aware of the approach of the car ; and the failure to maintain a flagman at the crossing while running cars at shorter intervals than usual and at an unusual rate of speed.

The first error complained of is that the court excluded the evidence of A. W. DeLong, both in chief and upon rebuttal, as to the required distance within which to stop one of defendant's cars, on the line in question, with the appliances in use at the time of the accident.   Objection was made and sustained that the witness was incompetent, not being familiar with the appliances in use on the line at the time of the accident.   We think this objection was properly sustained.

The defendant afterward offered evidence showing that the appliances used at the time of the accident were those in use when the witness DeLong worked on the line.   It also offered evidence tending to show the required distance within which to stop its cars. The plaintiff, upon rebuttal, recalled DeLong and repeated in substance the former questions.   To this the defendant objected and the objection was sustained.   We think this evidence should have been admitted.   It was proper and material in rebuttal of the defense that the motorman could not have stopped the car in time to avoid the collision, but we do not find in the record that any exceptions were saved by the plaintiff to the ruling of the court sustaining the objection.

It is also claimed that the court erred in refusing to permit the plaintiff to testify to the speed of the car which struck him at the crossing.   The plaintiff has no ground to complain of this.   He testified that he did not see the car until his attention was called

to it by his daughter, who was in the buggy with him, and at a time when his horse was across the track and the buggy on the track and the car within ten feet of the buggy. We think he could not, therefore, have approximated the speed of the car. The discovery of the car by plaintiff and the collision were instantaneous.

Complaint is made of the following instruction given by the court:

"The plaintiff claims . . . that the collision . . . was caused by negligence on the part of defendant, in not stopping said car . . . or checking its speed when it was, or should have been, apparent to the motorman in charge thereof that the plaintiff was not aware of the approach of said car and was proceeding to cross said tracks."

In this connection complaint is also made of the refusal to give an instruction prepared and requested by the plaintiff, which set out the acts of negligence stated in the petition. It is contended that the court erred in giving this instruction and in refusing the one requested; that the one given was not a fair and truthful statement of plaintiff's claim, embodying all the acts of negligence relied on by him, while the one refused contained a full statement of the negligent acts relied on, and that the one given excluded from the consideration of the jury all acts of negligence charged in the petition except the one submitted in the instruction. We think the court should not, in giving instructions, restrict or ignore the issues formed by the pleadings and supported in the evidence. The claim of the parties as made by the pleading, if supported by evidence, should be fairly and fully stated to the jury by proper instruction. The court should not, however, give an instruction founded on facts not supported by the evidence. (*Feine-*

Honick v. Railway Co.

*man v. Sachs*, 33 Kan. 621, 7 Pac. 222, 52 Am. Rep. 547 ; *Dowell v. Williams*, 33 id. 319, 6 Pac. 600 ; *John C. Douglas v. Cora Wolf and others*, 6 id. 88 ; *C. K. & N. Rly. Co. v. Stewart*, 47 id. 704, 28 Pac. 1017.)

We think the court violated none of these principles. There is no evidence in the record tending to prove that the car which struck the plaintiff was running at a reckless or dangerous rate of speed, or that it was the duty of the company to maintain a flagman at this crossing. As to the negligence of the company, the instruction presented to the jury the only issuable fact alleged in the petition and supported by the evidence.

It is contended that the court erred in giving the first part of the following instruction :

"It was the duty of the plaintiff to take notice of the tracks of the defendant when approaching them and to anticipate that cars were operated thereon, and that they were liable to pass and cross said Seventh street at any time, and it was his duty to make a vigilant use of his senses of sight and hearing, to ascertain if there was a present danger in crossing the track, and it was his duty to look both to the west and to the east for approaching cars. In failing to do so he was guilty of negligence, and cannot recover any damages from the defendant unless, after the plaintiff had passed the coal office which was situated about forty-seven feet north of the track on which the car in question was approaching, and before he reached said track, it was apparent to the motorman who was in charge of said car, or would have been apparent to him by the exercise of ordinary care, that the plaintiff did not know that said car was approaching him and that he intended to attempt to cross the track in front of the car and would not stop and wait for it to pass for a sufficient distance from the said track to have enabled the motorman to have stopped said car or slackened its speed so as to have avoided striking the plaintiff's

buggy and causing the injuries complained of, by a diligent use of the appliances in use on said car for stopping it, and that said motorman did not make diligent use of such appliances. Then, in such case, the plaintiff will be entitled to a verdict."

The objection to this is that the court pointed out certain specific acts which it conceived to be the duty of a traveler to observe in attempting to drive across a street-car track in a populous city where electric street-cars pass every few minutes, and told the jury that a neglect or omission on the part of the traveler to observe or perform such acts was, as matter of law, negligence. This practice should not be indulged in. It does not appear, however, in this instance that the court included any act among those enumerated that would not be required of a man in the exercise of ordinary care.

Can a traveler in a vehicle, in the exercise of ordinary care, undertaking to cross at such place, acquit himself of this duty short of anticipating that cars are liable to pass at any moment, or without looking in both directions from which cars may approach, or without making a vigilant use of his senses of sight and hearing to ascertain if there is a present danger? Such acts are nothing more than the exercise of ordinary care. Mr. Thompson, in his work on Negligence, states the law as follows:

"The sum of the decisions under this head is that a traveler approaching a street-railway track and intending to enter upon it, whether at a street-crossing or elsewhere, is bound to make a fair use of his faculties by looking and listening in the direction from which a car may be expected to approach, in order to avoid being run over, and that a failure to do so will be contributory negligence, preventing him from recovering damages in case he is hurt, or preventing

damages from being recovered for his death, in case he is killed.'' (Vol. 2, § 1444.)

The refusal to give other instructions is complained of, but the principles contained in them were either given by the court or are involved in those discussed in this opinion.

The judgment of the court below is affirmed.

All the Justices concurring.