THE STATE OF KANSAS v. WILLIAM WALKE.

No. 13,748. (76 Pac. 408.)

SYLLABUS BY THE COURT.

1. RAPE—*Showing of Pregnancy and Time of Birth Admissible.*
In a prosecution for statutory rape it is proper for the state to
show that the prosecuting witness became pregnant and was de-
livered of a child at about the time when, if her testimony of the
affair be true, it might have been expected.

2. EVIDENCE—*Expert.* Expert evidence is admissible in proof of
matters not clearly falling within the range of common experi-
ence or observation.

3. CRIMINAL PRACTICE—*Extent of Instructions Necessary—Code
Construed.* Notwithstanding section 236 of the criminal code
(Gen. Stat. 1901, § 5681) directs that in criminal actions the judge
charge the jury in writing, and in such charge state to them all
matters of law necessary for their information in giving their ver-
dict, the court does not err if it fail to give instructions upon all
the *minutiæ* of the case, but gives only such as fairly present the
salient features arising upon the law of the case. This is espe-
cially so in the absence of any request for additional instructions.

Appeal from Cherokee district court; W. B. GLASSE,
judge. Opinion filed April 9, 1904. Affirmed.

*C. C. Coleman*, attorney-general, *Al. F. Williams*,
and *Tracewell & Moore*, for The State.

*C. A. McNeill*, and *C. D. Ashley*, for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: Appellant was convicted of the
crime of statutory rape, and appeals. The testimony
of the prosecuting witness, that conception followed
defendant's connection with her, and that she was
delivered of a child at about the time such an event
might have been expected, and of an attending phy-
sician, that he was present and assisted at such
delivery, was admitted over the objection of the de-

fendant that the same was incompetent, irrelevant, and immaterial. The court admitted it for the purpose of showing penetration. This was not error. It was clearly shown, and nowhere denied, that the prosecuting witness was unmarried and under the statutory age of consent; so the fact that she had become pregnant and was delivered of a child proved that some one had committed upon her the crime charged. For this purpose the criticized testimony was very competent, material, and relevant. (*People v. Flaherty*, 27 Hun, App. Div. 535, 50 N. Y. Supp. 574; *State v. Robinson*, 32 Ore. 43, 48 Pac. 357.)

The appellant was a man sixty-eight years old. His wife testified that he had lost virility to the extent that he was incapable of having sexual commerce with a woman. This she knew from her intimate relations with him. Upon rebuttal physicians were called and permitted to testify as experts that a man of that age who had lost sexual desire as to his wife might still have such desire and ability to consummate it upon other and younger women. We find no error here. The contention made was not one so clearly falling within the range of common experience and observation as to exclude expert evidence in proof of the same or that the jury might surely assume its truth without the evidence of an expert.

For his defense defendant relied in part upon an *alibi*. This his evidence did not go to establish with any high degree of certainty. He did not request the giving of any instruction to the jury specially calling their attention to this matter or specially explaining the law applicable thereto, and no such instruction was given. This omission is very strenuously urged as error. It is true that section 236 of the criminal code (Gen. Stat. 1901, § 5681) requires that the judge

charge the jury in writing, and in such charge state to them all matters of law necessary for their information in giving their verdict. But this provision cannot be construed that instructions are to be in any particular form or are required to go into all the *minutiæ* of the case. Its purpose is fully satisfied if such instructions be sufficient fairly to present the salient features arising upon the law of the case. If more than this be desired by either party, it should be specifically requested, and may well be held to be waived if not so requested. It would manifestly be practically impossible to go into all the *minutiæ* of each case with detailed instructions, following up every near and remote application of law to facts or facts to law. Such detail and verbosity would tend to confusion and misdirection rather than to proper, or even necessary, information. In this case the court cautioned the jury that the guilt of the defendant must be established beyond a reasonable doubt, and that the presumption of his innocence clung to him until that degree of proof was attained. Of course, the claim that the defendant was not at the place when the alleged offense was committed within the range of time fixed by the prosecuting witness went to the very heart of the state's proof, and the raising of a doubt upon this point would have been as fatal to a conviction as would have been a belief of his denial of the commission of the crime. So the general charge as to burden and quantity of proof required of the state substantially presented the question as it would arise upon the more specific direction of the attention of the jury to the matter of the *alibi* had the proof upon that subject been more satisfactory. It was said in *The State v. Potter*, 15 Kan. 302, 312 :

"Now it may be laid down as a general rule that if

the court gives in general terms the elements of the crime, and is not asked by defendant to enlarge upon and explain further any particular element thereof, no error has been committed in failing to give fuller and more specific instructions which will justify an appellate court in a reversal.''

We approve of this statement of the law and think the requirement of the statute was sufficiently complied with in the case at bar, especially in the absence of any request for more specific instructions.

Complaint is made of the refusal of the court to give certain instructions. We do not think it well founded. It is also suggested that two of the jurors were permitted to leave the jury-room during the time of the deliberation of the jury and be absent therefrom for an unwarranted length of time. Upon this point there is a conflict in the showing. Under that made by the state by the affidavits of the jurors, nothing to be criticized occurred. Evidently the court, in overruling the motion for a new trial, took the view of the matter as disclosed by these affidavits.

Finding no error in the record, we must affirm the judgment of the court below.

All the Justices concurring.