THOMAS J. O'BRIEN v. ENOS C. FOULKE.

No. 13,665. (77 Pac. 103.)

SYLLABUS BY THE COURT.

1. FRAUD—*Nature of Possession to Make an Oral Contract Effective.* A possession, to be effective and to take an oral contract out of the statute of frauds, not only must be actual, notorious, and exclusive, but it must have been taken and held in pursuance of such contract.

2. PRACTICE, DISTRICT COURT—*Instructions to Jury.* Where the court in charging the jury correctly states the issues in the case and the general rules of law applicable thereto, the failure to amplify, or to particularize, or to state other correct principles of law, is not, in the absence of a request, a ground of error.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed June 11, 1904. Affirmed.

*A. D. Gilkeson,* for plaintiff in error.

*W. B. Ham,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was an action of ejectment brought by Enos C. Foulke to recover from Thomas J. O'Brien the possession of a tract of land in Rooks county. Foulke had a complete paper title, as shown by a connected chain back to the government, while O'Brien claimed under an oral contract of purchase, and possession and improvements made in pursuance of the alleged purchase. Each asserted title from a common grantor, named Houpt. O'Brien claimed that he purchased the land from Houpt at a stipulated price and that he was to have until a fixed time to raise and pay $500, the amount of the first payment; that he obtained the money within the time and otherwise complied with the terms of the purchase; and that he took, and has held, possession under the con-

tract of purchase. Houpt did not accept the money, but conveyed the land to one Foster, who in turn formally conveyed it to Foulke. Houpt died before the trial, and hence the testimony of the transaction between Houpt and O'Brien was mainly that of O'Brien himself. On the testimony produced, however, the jury found in favor of Foulke. There was testimony to the effect that there was a conditional sale of land, but some of it tended to show that O'Brien did not comply with the conditions of the proposed sale within the specified time, and also that the possession of O'Brien was taken under a lease, and not in pursuance of the oral contract of purchase.

To sustain his contention it was necessary for O'Brien to prove that he had complied with the requirements of the oral contract, and, if he failed in that, as the jury must have found, he failed to establish his right of possession. Again, the possession essential to his defense not only must have been actual, notorious and exclusive, but must have been taken in pursuance of the oral contract of purchase, with the consent of Houpt. (*Baldwin v. Squier*, 31 Kan. 283, 1 Pac. 591.) Since there was testimony tending to show non-compliance with the requirements of the contract, and also that the possession was not effective, there was basis for the findings of the jury. While the evidence is in some respects quite meager, we cannot say that the verdict and judgment are without support.

The contention that the instructions were misleading is not good. The character of the action and the claims of the respective parties were fairly presented to the jury, and while some of the principles of law claimed to have been erroneously omitted from the charge would not have been inappropriate, they were

not requested by the plaintiff in error, nor do we regard them to be essential to a fair submission of the case.  Having correctly stated the issues and the general rules of law applicable thereto, the failure to amplify or to state other correct principles of law is not, in the absence of a request, a ground for reversal.

Nor is there anything substantial in the so-called variance, or in the claim that Foulke's deed did not convey the land in controversy.  The deed itself is not set out in the record, and in the partial statement of its character there is some confusion as to the description of the property, but this is rendered immaterial by the specific admission made during the trial that the deed was "in every way sufficient to convey the land in question."

The judgment of the district court will be affirmed.

All the Justices concurring.