CHARLES JUDY V. WALTER BUCK.

No. 13,783.    (82 Pac. 1104.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Evidence Properly Rejected—Relevancy Not Shown.*  Where an objection is sustained to a question propounded to a witness, and it is not apparent from the issues and condition of the proof at the time that the question is proper, such ruling will not be deemed erroneous unless it is made to appear, by offer of proof or otherwise, what facts are expected to be elicited by such question.

2. REPLEVIN—*Recitals in Chattel Mortgages—Evidence.*  In an action of replevin, where the controversy consists of a dispute between the parties as to which of them is entitled to the possession of certain cattle, and each of them claims as mortgagee under different chattel mortgages, both of which were executed at different times by the owner of the cattle, the statements and recitals in one of the mortgages are not binding upon the holder of the other, and are not admissible as evidence against him.

3. ———— *Instructions.*  In the absence of a request to do so it is not error for a trial court to omit to instruct the jury upon special phases of the case, where proper general instructions have been given.

Error from Anderson district court; CHARLES A. SMART, judge.  Opinion filed November 11, 1905.  Affirmed.

*Noah L. Bowman,* for plaintiff in error.

*Manford Schoonover,* and *Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.:  The controversy in this action arises between two mortgagees as to the possession of the same cattle.  Walter Buck sold cattle to one Jackson, and took a chattel mortgage to secure the purchase-price.  Jackson afterward mortgaged the cattle to the National Bank of Commerce at Garnett, Kan.  The bank foreclosed its mortgage and sold the cattle to the

defendant, Charles Judy. Jackson having defaulted in
the payment of the first mortgage, Buck brought this
action of replevin to recover the cattle from Judy,
claiming that they were the cattle covered by his mort-
gage. Judy denied that they were the same cattle.

The question as to whether Jackson gave two mort-
gages on the same cattle was fully tried out in the dis-
trict court, before the court and a jury, resulting in a
verdict and judgment in favor of Buck. Judy brings
the case here on a petition in error. The verdict of the
jury having been approved by the court, the judgment
thereon is final unless error was committed during the
trial.

The plaintiff in error complains of the rejection of
certain testimony of Mr. Fallis, who took the mortgage
from Jackson for the bank. When a witness Fallis
was asked the following question:

"Ques. I will ask you whether or not you made in-
quiry of Mr. Jackson in regard to liens upon the cattle?
Ans. I did."

Objection to the question was sustained, and the
answer stricken out. Just what material fact this evi-
dence was intended to establish, or why it was ex-
cluded, the record does not disclose. From the dis-
cussion by counsel, however, it may be inferred that it
was deemed important because the description of the
cattle in the plaintiff's mortgage was claimed to be in-
sufficient to impart notice, and the court instructed
the jury substantially that the description was suffi-
cient if it, together with such inquiries as the mortgage
itself suggested to a person of ordinary prudence,
would have led to a discovery of the cattle intended
by the parties to be covered by such description, but
not otherwise. This evidence may have been intended
to show that the officer of the bank made such inquiries
as good faith and proper diligence required, and that
the information obtained indicated that these were not
the cattle described in the bank mortgage; but this is
all conjecture.

Before a trial court can be said to have committed error by the rejection of evidence it must affirmatively appear that such evidence was legal and proper under the rules of evidence and the issues of the case. (*The State v. Barker*, 43 Kan. 262, 23 Pac. 575; *Dodge City v. Wright*, 48 Kan. 667, 29 Pac. 1086; *Eagon v. Eagon*, 60 Kan. 697, 57 Pac. 942.) In the case last cited the trial court refused to receive an offer of proof, and required counsel to indicate by questions as best he could the nature of the evidence he desired to present. In that case Mr. Justice William R. Smith used the following language:

"This requirement has left the record of the testimony sought to be elicited in an unsatisfactory condition. It is difficult in most cases to present to the court explicitly in the form of questions the exact proof offered. Where the questions do not clearly show the nature of the testimony an offer of proof ought to be received. In fact, the precise question involved can thus be more clearly presented to the trial court and preserved in the record for review. We approve the practice of making the tender." (Page 701.)

In Elliott on Appellate Procedure, section 743, it is said:

"In the examination in chief the exclusion of testimony is not available as error unless the party makes an offer to prove the facts which he assumes that his question will elicit. Where an objection is properly interposed more must be done, in cases where the objection is sustained, than to ask the question; the party producing the witness and insisting upon the question must state what he proposes to prove by the witness. This is necessary in order to enable the court to determine whether the testimony is competent and material. The record must show the offer and show also the presence of the witness. The court will not rule upon mere abstract questions and hence it must appear that there was an actual offer and a present ability to adduce the proffered testimony. The facts proposed to be proved must be specifically stated. . . . In short, there should be satisfactory indications of willingness, readiness, good faith and present ability."

This question was again before this court and quite fully discussed by Mr. Justice Mason in the case of *Marshall v. Marshall,* 71 Kan. 313, 80 Pac. 629. It is only fair to the trial court that it should know just what counsel expect to prove, for without this knowledge the court will at times be compelled to decide when more or less in doubt.

A reviewing court cannot determine whether rejected evidence was proper when offered unless it can ascertain from the record the nature and purpose of the evidence intended to be given. This court, therefore, cannot consider objections to the exclusion of evidence unless, by an offer of proof or otherwise, the record shows the nature of the evidence excluded.

Objection has been made to the practice of offering proof, on the ground that it is liable to be abused by "sham offers," which could not be made good if permission to do so were given, and that these offers will be made in the presence of the jury for the purpose of securing an advantage thereby. The trial court can protect itself from such imposition, however, by a little judicial discipline properly administered, as will be suggested in each case as it arises. These difficulties might be avoided by requiring offers of proof to be made in writing, or when the jury are absent. All things considered, we think the advantages of this practice greatly exceed its disadvantages, and commend it to courts and counsel. What rule should apply in this court in cases where the trial court has refused to receive an offer of proof does not arise in this case, and need not be considered.

Complaint is made of an instruction of the court to the effect that the plaintiff was not bound by the recitals and statements in the mortgage under which the defendant claims. We see no error in this instruction.

Lastly, the court is criticized for not instructing more fully upon the facts of the case, but as no further instructions were requested this omission was

not error. (*The State v. Rock,* 42 Kan. 419, 22 Pac. 626; *The State v. Walke,* 69 Kan. 183, 76 Pac. 408; *O'Brien v. Foulke,* 69 Kan. 475, 77 Pac. 103.) The judgment is affirmed.

All the Justices concurring.