Insurance Co. v. Despain.

THE PACIFIC MUTUAL LIFE INSURANCE COMPANY V.
WILLIAM DESPAIN.

No. 15,465.    (95 Pac. 580.)

SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE—*Defenses of Prior Accident and False
Warranties Improperly Withheld from Jury.* In an action
on a policy which insured plaintiff against the effects of
bodily injuries sustained during the term of the policy and
caused solely through external, violent and accidental means,
and wherein it was stipulated that a certain indemnity should
be paid if the irrecoverable loss of the sight of both his eyes
should result from such injuries independently of all other
causes, and that the policy did not cover anything of which
the sole or secondary or contributory cause is, or which occurs
while the insured is affected by or under the influence of,
bodily infirmity, where the plaintiff averred that he lost his
sight by reason of an injury sustained at a certain time, and
where one of the defenses of the insurance company was that
an injury received long before that time, and prior to the is-
suance of the policy, contributed to, if it did not wholly cause,
the blindness of defendant, and where testimony was produced
by defendant tending to support that defense, as well as an-
other defense to the effect that the warranties upon which the
policy was issued were false, it was the duty of the trial court
to submit these questions to the jury.

2. PRACTICE, DISTRICT COURT—*Instructions.* In instructing the
jury the court should not restrict or ignore any of the issues
formed by the pleadings and supported by the proof, and
where defendant pleads several defenses, and offers proof to
sustain them, a charge by the court which ignores one or more
of such defenses and authorizes the return of a verdict against
defendant if the jury decide other issues in favor of the plain-
tiff is error.

Error from Wyandotte court of common pleas; WILL-
IAM G. HOLT, judge.  Opinion filed April 11, 1908.  Re-
versed.

STATEMENT.

THIS is an action on an accident-insurance policy
issued December 20, 1904, to William Despain by the
Pacific Mutual Life Insurance Company, of California,

to recover $2000 as indemnity for the loss of the sight of both eyes, resulting, it was alleged, from an accidental injury sustained on January 1, 1905. The defense of the company was that plaintiff's loss of sight was due to an injury received in October, 1904, and that this injury was a sole or contributing cause of the loss of sight of one or both eyes. It was also alleged that the warranties in plaintiff's application for insurance were false, and, further, that the required notice of the injury was not given. In the reply it was alleged that there had been waivers of some of the conditions of the contract of insurance. Testimony was introduced tending to show that plaintiff lost the sight of his eyes from the injury of January 1, 1905, and there was a great deal of testimony in behalf of the defendant to the effect that the loss was occasioned, in whole or in part, by the October injury, which was sustained before the policy was issued. In charging the jury the following instructions were given:

"(1)   The defendant issued an insurance policy to the plaintiff, on the 20th day of December, 1904, by the terms of which it agreed to pay the plaintiff the sum of $250 if, solely by external, violent and accidental means, the irrecoverable loss of the sight of one eye shall result to the plaintiff, within ninety days; and if, within the same time and by the same means, the irrecoverable loss of the sight of both eyes shall so result, the defendant agreed to pay the plaintiff the sum of $2000. In consideration of the issuance of the insurance policy sued on, the plaintiff agreed to pay the defendant the sum of $25. Most of the questions arising from the evidence are questions of law, which have been settled by the court, and so that you will not be confused by these legal questions you will confine your deliberations to determining the questions of fact presented to you in the following instructions:

"(2)   If, before the 20th day of December, 1904, the plaintiff received an injury to his right eye, which totally destroyed the sight of said eye, then he cannot recover any damages from the defendant by reason of losing the sight of his right eye; and if he has lost the sight of his left eye by reason of an injury to his right

eye received by him before the 20th of December, 1904, then he cannot recover any damages from the defendant for the loss of the sight of his left eye.

"(3) On the other hand, if, before the 20th day of December, 1904, the plaintiff did not receive an· injury to his right eye of sufficient force and severity to destroy the sight of his right eye, and on said day he had the sight of his right eye, and on the first day of January, 1905, received an external, violent and accidental injury to his right eye, whereby he lost, irrecoverably, the sight of his right eye as the result of an external, violent and accidental injury received by him on the first day of January, 1905, within ninety days from that date, then he is entitled to a verdict against the defendant for the sum of $270.12; and if, within ninety days from the first day of January, 1905, and after the plaintiff lost, irrecoverably, the sight of his right eye he also lost irrecoverably the sight of his left eye, as the result of an external, violent and accidental injury to his right eye on the first day of January, 1905, then he is entitled to a verdict against the defendant for the sum of $2142.87.

"(4) If the plaintiff did not, on the first day of January, 1905, receive an external, violent and accidental injury to his right eye, or if, on the first day of January, 1905, the plaintiff did receive an external, violent and accidental injury to his right eye, and the irrecoverable loss of the sight of his right eye did not result from said injury within ninety days from said date, then in either of such cases, you cannot render a verdict for the plaintiff and against the defendant for the loss of the sight of his right eye; and if the plaintiff did not lose, irrecoverably, the sight of his left eye within ninety days from the first day of January, 1905, as the result of an external, violent and accidental injury to his right eye, received by him on the first day of January, 1905, then he is not entitled to any verdict against the defendant for the loss of the sight of his left eye; and it is only in case the plaintiff has lost, irrecoverably, the sight of both eyes, as the result, within ninety days, of an external, violent and accidental injury received by the plaintiff on the first day of January, 1905, that he would be entitled to a verdict against the defendant for the sum of. $2142.87.

"(5) The burden of proof is upon the plaintiff to establish to your satisfaction, by the preponderance of

all the evidence, that on the 15th day of December, 1904, he enjoyed the sight of both his eyes, and that on the first day of January, 1905, the irrecoverable loss of the sight of one or both of his eyes was caused solely by external, violent and accidental means, within ninety days from that date; and if the evidence upon such matters is evenly balanced, or if it preponderates or weighs more heavily against the truth or existence of said fact, then the plaintiff cannot recover, and your verdict should be for the defendant."

The remaining instructions had reference to rules for determining the credibility of witnesses and the weight of the evidence. The trial resulted in a verdict in favor of the plaintiff for $2142.87. The insurance company complains.

*J. C. Rosenberger,* and *Kersey Coates Reed,* for plaintiff in error.

*C. O. Littick,* and *T. P. Anderson,* for defendant in error.

The opinion of the court was delivered by

. JOHNSTON, C. J.: The principal complaint of the insurance company is that the trial court in its charge to the jury in effect excluded material issues, and withdrew from the jury defenses which were vital and upon which there was strong supporting evidence. One of these was that the injury sustained by plaintiff about three months before the policy was issued contributed to, if it did not cause, the blindness of one or both of his eyes. Another was the defense that the policy was void by reason of breaches of the warranties in the application.

Whether the blindness was solely or only partly the result of an injury sustained before the contract of insurance was made was a very important consideration in the case. The policy upon which the action was brought insured plaintiff against the "effects of bodily injuries sustained during the term of this policy and

42—77 KAN.

caused solely by external, violent and accidental means,"
and provided that indemnity in the sum of $2000 should
be paid in case "the irrecoverable loss of the sight of
both eyes" should "result from such injuries within
ninety days, independently of all other causes," and
further that "if the irrecoverable loss of the sight of one
eye shall so result within ninety days the company will
pay one-eighth of the principal sum of the policy." In
the policy was the additional provision that the insur-
ance did not cover "anything of which the sole or con-
tributory or secondary cause is, or which occurs while
affected by or under the influence of, bodily infirmity."

That the right eye of Despain was injured on October
9, 1904, is conceded, and that he went to the hospital,
where he remained and received medical treatment of
the injured eye for about a month, is not denied. The
severity and effect of the wound then received is in
dispute. The physician who examined the eye when
plaintiff came to the hospital stated that he found a
bruise on the nose near the corner of the right eye; that
there was a rupture of the eyeball about half an inch
long, through which some of the humors or contents of
the eye were escaping; that the crystalline lens of the
eye had been dislodged and was found in the conjunc-
tival sac that surrounds the eye; and that considerable
blood was also found within the eye. The dislodged
lens was removed and thrown away, and treatment, in-
tended to facilitate the healing of the wound, was ad-
ministered. The hospital physicians advised plaintiff
that as the right eye would be of no further use it
should be removed, and that its retention would pro-
duce sympathetic epithelioma. One of the doctors testi-
fied that sympathetic inflammation ordinarily sets in
from six to twelve weeks after the injury, and effects
the destruction of the other eye within three to six
months. The earliest appearance of that affection ever
known to any of the witnesses was three weeks after
the injury. The doctor who examined plaintiff's eyes
after the injury of January 1, 1905, said that injury

was trivial in comparison with the former one, and that it could not have been the cause of the loss of the sight of the left eye, but that this loss must have been the result of the October injury. There was other medical testimony of the same character, and some of it was that the January injury might have accelerated the sympathetic affection of the left eye but that it could not have been the sole cause of the blindness of that eye. Despain, on the other hand, claimed and testified that the October injury to the right eye was slight—that the wound to the right eye in fact healed, and that the eye was restored to its normal condition by the middle of November, more than a month before the insurance policy was issued.

In this state of the evidence it became very material for the jury to determine whether the October injury contributed to the loss of sight of either or both of the plaintiff's eyes. That hurt was not within the life of the policy, and unless his blindness was the result of an injury sustained solely by external, violent and accidental means within the life of the policy, and independently of all other causes, he was not entitled to indemnity. If the injury of October was the secondary or contributing cause of the blindness, no recovery could be had under the policy. Now, the second and third instructions effectually eliminated any possible contributory effect of the injury inflicted before the policy was issued. In the second instruction the jury were told that the total destruction of the sight of the right eye before the issuance of the policy and the loss of the sight of the left eye by reason of that injury would bar a recovery, but the court stopped short of saying that if this injury contributed to the loss of sight no recovery could be had. In the third instruction the jury were in effect advised that if the injury of October was not of sufficient force and severity to destroy the sight of the right eye it would not weigh in the consideration of the case. By these instructions nothing

short of the total destruction of sight by the prior injury was available as a defense. But for these restrictions who can say that the jury might not have inferred that the October injury, although it did not absolutely destroy the vision of the right eye, did severely wound it, and that the second injury only accelerated the effect of the first and in a degree contributed to the final loss of sight? Who can say that the sympathetic inflammation which caused the loss of the left eye was not wholly, or even partly, due to the first injury? The wound was serious, and according to the testimony of defendant the doctors told the plaintiff that the loss of vision of the left eye would necessarily follow from sympathetic affection if the right eye was not removed. He did not permit its removal, and the pain and symptoms of sympathetic inflammation began to be manifest about the length of time after the October injury that the doctors said it usually appeared.

There was expert testimony that the last injury could not have been the cause of the blindness of the left eye, and the insurance company might have argued to the jury that there was not sufficient time for the inflammation resulting from the January injury to have been transmitted along the optic nerve to the left eye; and who can say that the jury might not, if opportunity had been given, have found that one injury caused the loss of sight of one eye while the other injury occasioned the loss of sight of the remaining eye? If the October injury contributed to the loss of sight of the right eye, but the loss of the left eye was wholly the result of the January injury, the plaintiff could only recover for the loss of one eye. The insurance company would only be liable for $250 if only one eye was lost as the result of the January injury, but if that injury caused the loss of both eyes it would be liable for the full amount of $2000. At any rate the contributory effect of the first injury was of vital importance to the case, and should have been submitted to the jury.

Plaintiff concedes that if there was testimony from which the inference might have been drawn that the October injury was a contributing cause of his blindness there would be ground for complaining of the instruction.  He insists, however, that all of his evidence was to the effect that the blindness was wholly due to the January injury, and that all of the defendant's testimony tended to show that it resulted entirely from the October injury, and that therefore there was no necessity for submitting the question to the jury, or at least no prejudice from the failure to instruct upon the question.  Who can say, however, that the jury might not have believed the plaintiff's evidence as to certain features and circumstances and disbelieved it as to others?  And why might not the jury have given credit to some of the defendant's testimony as to the severity and effect of one injury or deemed the testimony of the plaintiff as to the extent of the other more worthy of belief?  Since the jury are at liberty to accept so much of the testimony of a witness as they deem credible and reject the remainder, and since they may, upon the whole testimony, draw their own inferences as to degree and extent, the plaintiff's claim that there was no occasion to submit the contributory effect of the first injury cannot be upheld.  The same omissions and defects are manifest in other instructions.

No feature of the representations in the warranties written in the application, which are confessedly false, were submitted to the jury.  It was contended that the representations of the insured and his answers to the questions were correctly given by him but incorrectly written in the contract by the agents of the defendant, and, believing that they had written the answers correctly, he did not read them.  On this proposition the testimony is in dispute.  It was further claimed by the plaintiff that the policy was issued after the agents were correctly informed as to all the facts, including the former injury, the hospital treatment, the payment

of $85 to plaintiff by the railway company because of that injury, and that the insurance company therefore waived the conditions which, upon the face of the contract, appeared to have been violated. There is a sharp conflict in the evidence as to the representations made by plaintiff, and also as to the negotiations between him and the agents at the time the contract was made; and the evidence is also in conflict as to the extent of the agents' authority. These questions of fact, dependent as they were in a degree upon conflicting testimony, should have been submitted to the jury. As we have seen, they were not mentioned in the instructions, but were definitely eliminated from the case by the statement in the opening part of the charge to the jury, wherein the court said:

"Most of the questions arising from the evidence are questions of law, which have been settled by the court, . . . and so that you will not be confused by these legal questions you will confine your deliberations to determining the questions of fact presented to you in the following instructions."

These distinct defenses, being in issue and supported by proof, could not be ignored, and the instructions of the court that a verdict might be returned against defendant if another issue was decided in plaintiff's favor was error. It is not necessary for a court to instruct the jury on an issue made by the pleadings if it is not supported by evidence, but, as was said in *Honick v. Railway Co.*, 66 Kan. 124, 71 Pac. 265, "we think the court should not, in giving instructions, restrict or ignore the issues formed by the pleadings and supported in the evidence. The claim of the parties as made by the pleading, if supported by evidence, should be fairly and fully stated to the jury by proper instruction." (Page 126.)

There is complaint of other rulings made in the course of the trial, but as the questions will not necessarily arise on the new trial it is unnecessary to discuss

or decide them.  The judgment of the court of common pleas is reversed and the cause remanded for a new trial.