DESSIE WARFIELD, *Appellee,* v. J. W. MORGAN,
*Appellant.*

No. 17,464.

### SYLLABUS BY THE COURT.

1. "FACTORY ACT" — *Guarding Machinery — Expert Evidence
Competent.* In an action to recover damages under the fac-
tory act it is error to exclude the opinions of experts familiar
with the character and operation of the machinery involved,
as to whether it was practicable to guard such machinery,
when the knowledge of such witnesses is superior to that
possessed, and gained by the jury from the facts shown on
the trial.

2. NEGLIGENCE — *"Factory Act" — Common-law Liability — In-
structions.* When the petition is drawn under the factory act
and also under the common law, and the answer in addition
to a general denial pleads contributory negligence, assump-
tion of risk and impracticability of guarding the machinery,
it is error in stating the issues to instruct, over objection,
merely that the answer denies each and every material alle-
gation of the petition.

Appeal from Wyandotte court of common pleas.
Opinion filed February 10, 1912. Reversed.

*Boyle & Howell, Samuel Maher,* and *McCabe Moore,*
for the appellant.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* for the ap-
pellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff sued to recover damages for an
injury to his hand which occurred in the operation of
a ripsaw in the defendant's manufacturing establish-
ment. The petition stated a cause of action under the
factory act, and also alleged that the plaintiff after
having been directed to work at the saw complained to
the foreman that it was dull and needed sharpening,
in response to which the foreman directed him to go
ahead and that he, the foreman, would sharpen the

saw; that relying upon such promise and in compliance
with such direction plaintiff proceeded with the work,
but in a few moments, by reason of the dull condition
of the saw and the absence of a guard, the injury oc-
curred. The answer consisted of a general denial, a
plea of contributory negligence and an allegation of
assumption of risk, and that it was impracticable to
guard the machinery. The plaintiff prevailed and the
defendant appeals and assigns numerous errors.

An examination of the record discloses that but two
of the complaints require notice. The defendant placed
upon the stand certain witnesses who qualified as ex-
perts touching the machine used and the work done by
the plaintiff, and these witnesses were asked to give
their opinion whether it was practicable to guard the
saw in the manner in which the petition alleged it
should have been guarded and whether the use of such
guards would destroy the efficiency of the machinery.
An objection to these questions was sustained on the
ground that the opinion of experts was not competent,
that the proper method was to describe the situation to
the jury, from which they could draw their own con-
clusions. The plaintiff contends that the situation pre-
sented was not one for opinions, and further that the
information desired from these witnesses was drawn
out on cross-examination and hence no material error
was committed in any event. This is partially true as
to certain of the witnesses but not as to the witnesses
Perkins and Beggs. In the cross-examination of Per-
kins he explained the nature and operation of the
spreader and feeder, mentioned in the petition as being
necessary to render the operation of the machinery
safe, and stated that he had never tried to use a guard
and had never seen one used and could not answer as
to whether it could be used or not; that a spreader could
have been used and that a guard could have been over
the saw. This did not meet the question as to whether
in his opinion it was practicable to use a feeder and

whether a spreader would destroy the efficiency of the saw and whether it was practicable to use a feeder on the kind of saw involved in the controversy. He had stated on direct examination that a spreader would not exactly destroy the efficiency of the saw but that it would not be of any use. Witness Beggs was not permitted to testify whether in his opinion it would be practicable to operate the saw with a spreader or whether it would prevent its practical use or whether it would destroy the efficiency of the saw, and nothing in his cross-examination tended to give any information sought to be obtained by an answer to these questions. While the character and operation of the machinery in question could be fairly described to the jury, it is plain that experienced workmen thoroughly familiar with the operation of such machinery were better qualified to speak as to the practicability of a spreader or a feeder and the efficiency of a saw equipped therewith than the jury could be from common experience or from such facts as could be gained during the trial. In *Duncan v. Railway Co.*, ante, p. 112, 119 Pac. 356, we had occasion to reëxamine the question of opinion evidence, and it was there said:

"Had the structure and situation been such that the witnesses by their railroad experience were able to afford the jury any assistance in addition to that furnished by an explanation of the facts and the photograph of the bridge it would have been proper to receive their opinions. (*Railway Co. v. Merrill*, 61 Kan. 671, 60 Pac. 819; *Railroad Co. v. Blaker*, 68 Kan. 244, 75 Pac. 71; *United States Smelting Co. v. Parry*, 166 Fed. 407, 92 C. C. A. 159; *Central Coal & Coke Co. v. Williams*, 173 Fed. 337, 97 C. C. A. 597; *Gila Valley R. R. Co. v. Lyon*, 203 U. S. 465.) It is impossible to see, however, why the jury were not entirely competent to judge as to the safety of the bridge or how they could in any wise have been assisted by the opinions of others." (p. 119.)

In *The State v. Walke,* 69 Kan. 183, 76 Pac. 408, it was held that:

"Expert evidence is admissible in proof of matters not clearly falling within the range of common experience or observation."   (Syl. ¶ 2.)

In *The State v. Nordmark,* 84 Kan. 628, 114 Pac. 1068, it was said: .

"If a witness has acquired peculiar knowledge or skill, by experience, observation or practice on a subject with which the mass of mankind is not supposed to be acquainted, he may give his opinion on it." (p. 631.)

(See, also, *Railroad Co. v. Blaker,* 68 Kan. 244, 75 Pac. 71; *Gundlach v. Schott,* 192 Ill. 509, 61 N. E. 332; *Tillotson v. Ramsay,* 51 Vt. 309; Rogers, Expert Testimony, §§ 5, 115; 3 Wig. Ev. § 1976.)

As the burden was upon the defendant to show that it was impracticable to guard the machinery in the way suggested in the petition (*Caspar v. Lewin,* 82 Kan. 604, 109 Pac. 657; *Howell v. Cement Co.,* ante, p. 283, 120 Pac. 350), the opinion of these witnesses should have been received, and its exclusion was error.

The charge of the court in stating that the answer alleged in substance that it denied each and every allegation in the petition, after stating somewhat fully the allegations of the latter, left the jury without any knowledge that to the common-law charge of the plaintiff the defendant had pleaded contributory negligence and assumption of risk. This was an important element in the petition and in the trial of the case, and if sustained entitled the plaintiff to recover regardless of the factory act, the answer also alleging that it was not practicable to guard the saw, and of this the jury were not advised.

"The trial court should fairly, fully and specifically state to the jury all issues of fact made by the pleadings and evidence."   (*Honick v. Railway Co.,* 66 Kan. 124, syl. ¶ 1, 71 Pac. 265.)

In the seventh instruction the jury were told that the case was one brought under the provisions of the factory act, and nowhere in the instructions except in the recital of the allegations of the petition was the common-law feature of the case mentioned. The defendant excepted to each instruction and to the instructions as a whole, and especially to the one charging that defendant filed only a general denial, and called attention to the fact that the answer also pleaded contributory negligence, assumption of risk and impracticability of guarding the saw. Under these circumstances to submit the case to the jury without any reference to these questions was material error.

The judgment is reversed and the cause remanded with instructions to grant a new trial.