No. 24,388.

W. L. LEE, *Appellee*, v. MARY C. DOWNING, as Administratrix, etc.,
*Appellant.*

SYLLABUS BY THE COURT.

1. ACTION — *Demand Against an Estate*— *Evidence of Claimant* — *Personal
   Transaction With Person Since Deceased.* In an action against an admin-
   istratrix to recover a demand against the estate of a deceased person, the
   claimant may testify to any material fact touching the demand which does
   not involve personal transactions or communications with the deceased.

2. SAME — *Evidence* — *Transaction with Deceased Person*— *Evidence Drawn
   Out on Cross-examination.* Where such testimony is given by the claimant,
   and the defendant on cross-examination draws from him the fact that the
   services performed, and materials furnished were rendered and furnished
   upon the request and agreement of the deceased, the defendant is not in
   a position to complain that the claimant gave testimony in his own behalf
   of personal transactions or communications with the deceased.

3. SAME—*No Material Error in Rulings of Court.* Challenged rulings in the
   admission of evidence examined, and held to be without material error.

4. SAME—*Mistake of Court in Stating the Issues—Not Reversible Error.* The
   mistake of the court in stating the issues formed by the pleadings is not a
   ground of reversal where it appears that the contested issues in the case
   were fully tried out and submitted to the jury in other instructions given
   by the court.

5. SAME—*Instructions.* Criticized instructions examined, and held to be with-
   out error.

6. SAME—*Evidence.* Evidence held to be sufficient to support the verdict.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge.
Opinion filed April 7, 1923. Affirmed.

*Charles D. Shukers,* of Independence, and *W. E. Giltner,* of Albia, Ia., for
the appellant.

*S. H. Piper,* and *W. B. Grant,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. L. Lee presented a claim against the estate
of Francina Lee, for $1,640.77, for services rendered and material
furnished to the deceased. He recovered $1,100 upon the claim, and
the administratrix appeals.

She assigns twenty-seven grounds of error, which relate mostly
to rulings on the admission of evidence and instructions given and
refused. The principal one is that Lee was incompetent to testify

to transactions between him and the deceased respecting work done, and material furnished in building a barn and digging a cellar. He was permitted to state that certain work was done by him and material was furnished in building the barn, and this was given without referring to any communication or personal transaction with the deceased. Testimony offered that he had not been paid for the work and material in building the barn was excluded by the court on the objections made. The testimony was given by the same witness as to work done and material furnished in building a cellar without touching any personal transaction or communication with the deceased. In fact, all evidence that related to personal transactions or communications with the deceased were excluded, and we find no substantial grounds for complaining of the rulings on the evidence of this witness.

It was not improper to admit testimony that certain work was done and that certain material was furnished and used in the construction of the building which did not involve personal transactions or communications with the deceased. If the evidence given had shown that the work was done in the presence of the deceased and with her personal participation, there would have been grounds for the objection made. Restrictions on the production of material facts in a litigation such as the one in question are liberally interpreted by the courts of this period, and a party to a cause of action is allowed to testify to all material facts, except such as strictly may be regarded as personal transactions or communications with the deceased. We think the trial court did not allow the witness to testify to other than independent facts nor trench upon the statutory restriction as reasonably interpreted. Even if some of the testimony might be treated as close to the line of competency it could not be regarded as material error. The defendant threw down the bars and opened up the inquiry as to agreements and arrangements between plaintiff and the deceased, by asking him, on cross-examination, how he came to build the barn and cellar and also as to the agreements between them as to its construction. Besides, defendant's counsel, in his opening statement to the jury, said that plaintiff had built the barn but that payment had been made and that no indebtedness existed for the work and material. Under these circumstances she has little ground to complain that material error was committed. (*Heery v. Reed*, 80 Kan. 380, 102 Pac. 846). The defendant drew from this witness the testimony

Lee v. Downing.

that he had farmed the land of the deceased from 1911 to 1920, the amount of rental paid, and further that he had agreed with Mrs. Lee that a vacant church building should be purchased and with the material obtained a barn should be erected and that she would pay for the material and also for the labor in constructing it. She did not then have the money to pay for the material, and part of it was subsequently paid from crops raised on the farm. In answer to a question, the plaintiff testified that he was to help build the barn for the use of it as a tenant, but it appears that Mrs. Lee died, in 1919, shortly after the completion of the barn, and as the land was leased to another in 1920, it followed that he did not have the use of it as compensation for the work and material used in erecting the building.

Complaint is made as to the reception of the evidence of Mrs. Blackmore. She testified, in substance, that about four hours before the death of Mrs. Lee she and others, including the plaintiff, who were caring for Mrs. Lee were called to her bedside, and while holding plaintiff's hand she told them that she wished her farm, which she valued at $4,800, and for which an offer to purchase at that price had been made, to be divided so that Sherman Lee should get $1,200, Tom Downing $1,200, and Willie Lee, the plaintiff, $1,200, and as there would be $1,200 left she desired that should be used in paying her debts. There was a mortgage on the farm of $350 and she remarked that she owed some debts and was owing Willie Lee, and if any of the $1,200 left to pay debts remained it should go to Willie. Like testimony was given by Mrs. Bircher, who was present at the time, and she added that Mrs. Lee said "I owe Willie Lee for work," and she then told Willie to take the $1,200, pay the mortgage and other debts, and keep for himself any balance that remained. It is said that this testimony as to what is called an oral will was incompetent to sustain any of the issues in the present case. It did tend to show an acknowledgment of indebtedness to the plaintiff, and was competent for that purpose.

An objection is made to the refusal of the court to allow the defendant to cross-examine the plaintiff as to whether he had not heard his wife give certain testimony in the probate court. No testimony on the subject had been given by him on his direct examination, and the inquiry was not proper cross-examination.

Many errors are assigned as to the action of the court in instructing the jury, some of which are not such as to warrant special com-

ment. One is that the court misled the jury when he said, after mentioning the items in plaintiff's claim, that the defendant had filed no pleading except a counter claim for $100, whereas the defendant had added a general denial to her counter claim. It is said that the jury was thereby led to the opinion that defendant was not questioning any of the items of plaintiff's claim. The remark of the court evidently meant that the only item in plaintiff's counter claim was the one for $100. Throughout the trial and in other instructions the court treated the items of plaintiff's claim as contested and told the jury that the burden of proof was upon the plaintiff to prove that he performed the services and furnished the materials claimed, that these were rendered and furnished under an agreement, that he was to be paid therefor, and he must prove by positive testimony or show facts and circumstances such as satisfied the jury, that it was the intention of the deceased, in accepting services and materials furnished, to compensate or reimburse the claimant for them. It is manifest from the record that the jury could not have been misled as to the issues in the case.

Objection is made to an instruction to the effect that if one is found rendering service it is *prima facie* evidence of employment and of an implied promise of the one accepting such service to pay the party rendering them what they are reasonably worth. The correctness of the rule is not questioned, but it is contended that there was no evidence upon which to base the instruction. An examination of the evidence shows that it was abundantly sufficient to warrant the instruction given.

Another complaint is that the court erred in telling the jury that if they found for the plaintiff they should determine the amount due on the items claimed, and it is contended that the jury failed to find how much was allowed on each item. The defendant did not ask for special findings upon particular questions of fact, as she might have done, and has no cause to complain that special findings on the different items were not returned. A number of instructions are challenged on the ground that there was no evidence upon which to base them, but we find the complaint to be without merit.

As to item number eleven there is a complaint made that there is a lack of proof to sustain it. It was not as definite as other items, but was for services rendered to the deceased, not previously specified, for a period of six years preceding the death of Mrs. Lee. How much the jury allowed on that item cannot be ascertained,

there being no special findings. There was evidence that the plaintiff performed services for her besides those specifically enumerated in his claim, including caring for her when she was ill, furnishing food, cutting wood, attending to oil and gas rentals due to her, and other matters of business. Under the evidence it cannot be said that an undue allowance was made for such services or the amount that was awarded on that part of the claim. It is said that from the amount awarded the jury must have tried to give effect to the so-called oral will expressed by Mrs. Lee a few hours before her death, and that this was induced by the admission of evidence as to her statements on that occasion. To avoid any misapplication of the evidence on the subject the court instructed the jury that the evidence was not received and could not be considered in determining to whom the property of the deceased should pass, but should be considered only for what it was worth as an admission of Mrs. Lee that she was indebted to the plaintiff for past services performed and material furnished. It was competent for that purpose, and the admonition given that it could not be considered for any other left no ground for complaint.

We think the evidence is sufficient to uphold the verdict and that the result is not unjust.

The judgment is affirmed.