No. 25,535.

R. B. Christy, *Appellant,* v. The Central State Bank of Hutchinson, *Appellee.*

SYLLABUS BY THE COURT.

Principal and Agent—*Ratification of Unauthorized Act.* "The ratification by the principal of an unauthorized act of his agent is equivalent to an original grant of authority" (following *Aultman v. Knoll,* 71 Kan. 109; 79 Pac. 1074).

Appeal from Reno district court; William G. Fairchild, judge. Opinion filed April 11, 1925. Affirmed.

*R. D. Armstrong,* of Scott City, *C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*Carr W. Taylor,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one for damages on account of failure of the defendant bank to return a collection. The defendant prevailed and plaintiff appeals.

The plaintiff, who resided in Scott City, owned certain lots in Hutchinson. Negotiations for the sale of the lots to S. S. Spangler, of Hutchinson, resulted in the plaintiff, on November 11, 1919, transmitting to the defendant a letter, which reads:

"*Gentlemen:* We herewith enclose for collection and return deed from R. B. Christy to S. S. Spangler, conveying lots 21 and 23, First Avenue West, of your city. Said deed to be delivered to S. S. Spangler or V. E. West upon payment net to us of $5,500; any collection or remittance expense to be paid by the purchaser. You will also find enclosed an old sheriff's deed to be delivered with papers, and check for $5.50 to pay for revenue stamps, should deed be acceptable to Mr. Spangler. The conveyance is made subject to 1919 taxes and there is to be no deduction whatever. Should there be any objections to the deed, or any delay in closing, would thank you to return all papers to us with bill of expenses for looking after this matter.

"R. B. Christy, *Pres.*"

The defendant received the deed and letter and notified Spangler. Spangler said he would take up the deed in a day or two. The plaintiff, having no word from defendant, on November 17 wired as follows:

> "NOVEMBER 17, 9 a. m.
>
> "Central State Bank, Hutchinson, Kansas.
>
> Return first mail Christy-Spangler collection sent you eleventh.
>
> "FIRST NATIONAL BANK."

Upon receipt of the telegram, the defendant, instead of returning the papers, called Spangler and allowed him to take up the papers. The defendant then made out and transmitted to the plaintiff a draft covering the amount of the collection. The plaintiff cashed the draft, came to Hutchinson November 21, and tendered back to the defendant the $5,500 which he had received. He also demanded return of the deed. The defendant refused to accept the money and refused to return the deed. (It had been recorded.) The plaintiff claimed damages in the sum of $1,000 because of defendant's failure to return the collection. The evidence showed the reasonable market value of the property to be $6,500. The plaintiff appeals from an order sustaining a demurrer to his evidence.

It was the duty of the defendant, as plaintiff's agent, upon receipt of the telegram of November 17, to return the collection. The first duty of an agent is to execute the will of his principal—to do as directed. (31 Cyc. 1411. See, also, *Supply Co. v. Bank*, 103 Kan. 654, 176 Pac. 129; *Bank v. Bank*, 109 Kan. 506, 200 Pac. 208.) But the defendant contends the plaintiff could not accept the proceeds of the sale and also repudiate the sale. While the defendant failed to carry out the instructions given in the telegram, it informed the plaintiff what it had done and transmitted the proceeds, which he accepted. Plaintiff's acceptance of the proceeds amounted to a ratification of defendant's acts. (2 C. J. 520; *Halloway v. Milling Co.*, 77 Kan. 76, 93 Pac. 577; *Wagon Co. v. Wilson*, 79 Kan. 633, 101 Pac. 4; *Bank of Lakin v. National Bank*, 57 Kan. 183, 45 Pac. 587.)

In *Aultman v. Knoll*, 71 Kan. 109, 79 Pac. 1074, it was said:

"The ratification by the principal of an unauthorized act of his agent is equivalent to an original grant of authority." (Syl. ¶ 4.)

The plaintiff's acceptance of the draft and its proceeds was a ratification of the acts of the defendant which precludes the plaintiff from recovering.

The judgment is affirmed.